IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHELSEA AVINA, individually and on behalf of all similarly situated employees § § § Plaintiff, § § v. § § JET LENDING, LLC, DEBBIE GANT, § and EDDIE GANT, § § Defendants. § | | CAUSE NO. 4:23-cv-660 <br><br><br> A Jury Is Demanded |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Jet Lending, LLC, ("Jet Lending"), Debbie Gant, ("Ms. Gant"), and Eddie Gant, ("Mr. Gant"), have implemented a business plan that maximizes profit by failing to pay their employees proper minimum wage and overtime and by refusing to pay a contractually promised fee full commissions for each loan the employees close. These defendants are not paying these employees the full amount of wages that are due under the Fair Labor Standards Act (FLSA). This allows Jet Lending and the Gants to obtain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Chelsea Avina ("Ms. Avina" or "Plaintiff") is one of a number of in-house loan assistants hired by Jet Lending, Mr. and Ms. Gant. Ms. Avina brings this lawsuit on her own behalf and on behalf of her co-workers, current and former, against Defendants to recover unpaid minimum wage and overtime that is required by the Fair Labor Standards Act ("FLSA"). Ms. Avina also brings supplemental Texas State Law claims of breach of contract for the unpaid fees and commissions. In the alternative, Ms. Avina brings claims of unjust enrichment and quantum meruit for the unpaid fees and commissions.

## Facts Supporting Relief

## Allegations Related to Plaintiff's and Her Co-Workers' Claims

1. Jet Lending, LLC, Debbie Gant, and Eddie Gant operate a company that lends money to companies and individuals who are purchasing real estate for investment purposes.

2. Defendants hired Ms. Avina on January 18, 2021. Jet Lending initially hired Ms. Avina as an Independent Loan Officer and required her to sign a contract.

3. Within a couple of months, Jet Lending modified Ms. Avina's title and duties to "In-House Loan Officer Assistant." Ms. Avina signed another contract which replaced the initial contract.

4. The new contract modified Ms. Avina's commission structure and increased the amount of fee to be paid for each loan closed.

5. Defendants did not pay hourly wages or salary, but instead paid Ms. Avina purely on commission basis. Pursuant to the "Memorandum of Employment" that Defendants drafted for Ms. Avina's signature, Defendants were also required to pay Ms. Avina plus a fee on each loan that she worked on when it closed.

6. Defendants paid similarly situated workers in the same manner as they paid Ms. Avina, in other words – no salary or hourly wages, but instead straight commission and fees.

7. Defendants did not pay Ms. Avina or any other similarly situated workers overtime for hours worked over forty in a workweek.

8. Ms. Avina's commission structure and employment contract was as follows:

> **Memorandum of Employment – In House Loan Officer Assistant**
>
> Chelsea Avina, the position of **Loan Officer Assistant**. This is an update to your commission-based offering and outline of payment structure is below.
>
> The main office located at 1419 FM 1960 E, Houston, TX 77073 is open during the hours of 8:30 am – 5:30 pm. Other opportunities for lead generation provided and paid for by Jet Lending, LLC include being a speaker, presenter, and vendor at local real estate events and social media branding.
>
> All loan files will be the sole and exclusive property of the Company, an all papers, processing, information, and rights relating to the application, existing at the time the application is received, or obtained thereafter, are the sole property of the Company. A Non-Compete and Confidentiality Agreement will be a requirement of your employment. You have no right to a file, or any right to a commission accruing under a file once it is submitted to the Company, except as set forth in this Memorandum.
>
> The following dates are dates where the office is closed for business:
> - Memorial Day
> - July 4th
> - Labor Day
> - Thanksgiving Day
> - The Day after Thanksgiving
> - Christmas Eve
> - Christmas Day (or the Monday following if that date falls on a weekend)
> - New Year's Day (or the Monday following if that date falls on a weekend)
>
> You agree to conform to the policies and rules of the Company and understand that the Company Reserves the right, in its sole discretion, to alter or revise its employment policies, procedures and benefits, in whole or in part, at any time.
>
> Commission and Payment:
> Commission is based on production and the fees obtained there within.
>
> Jet Lending Core Business – Per Team Total Not combined if on multiple teams
> - 5% of Origination + $980 file fee: $1.00 - $40,000
> - 8% of Origination + $980 file fee: $40,001-$75,000
> - 10% of Origination + $980 file fee: $75,001-$100,000
> - 15% of Origination + $980 file fee: $100,001+
> - On any single deal that the fees are equal to or of access of $100,000, a flat rate of $7,300 will be paid on that single deal. That amount will be subtracted from the team total where the individual loan was originated. If you are an LOA on multiple teams, your tier is calculated in the total of each team's production.

See Pl. Exhibit 1.

9. In addition to the requirement that Ms. Avina close loans in order to be paid, Defendants also required Ms. Avina and similarly situated employees to attend and participate in conferences for networking opportunities that occurred after hours and on weekends.

10. No sales were made at these conferences.

11. These conferences were training seminars for individuals who wanted to get involved in the real estate investment business and were networking opportunities.

12. In any week where Ms. Avina and similarly situated workers were required to attend after hours or Saturday events, Ms. Avina and similarly situated workers worked more than 40 hours in that workweek.

**Allegations Regarding FLSA Coverage**

13. Defendant Jet Lending, LLC, is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

14. During each of the three years prior to this complaint being filed, Jet Lending was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, and conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

15. During each of the three years prior to this complaint being filed, Jet Lending regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

16. During each of the three years prior to this complaint being filed, Jet Lending conducted sufficient business to exceed an annual gross volume of revenues of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

17. During each of the three years prior to this complaint being filed, Jet Lending's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

18. For the last three years, Debbie Gant has been a member of Jet Lending, LLC, and has exercised specific duties such as hiring and firing employees, supervising, controlling work

schedules and conditions of employment, set the hourly rates, authorized the per diems, and instituted the illegal pay practices which are the subject of this lawsuit. Ms. Gant was the Plaintiff's and similarly situated workers' "employer" as that term is defined under the FLSA and is thus subject to individual liability pursuant to the FLSA.

19. For the last three years, Eddie Gant has been a member of Jet Lending, LLC, and has exercised specific duties such as hiring and firing employees, supervising, controlling work schedules and conditions of employment, set the hourly rates, authorized the per diems, and instituted the illegal pay practices which are the subject of this lawsuit. Mr. Gant was the Plaintiff's and similarly situated workers' "employer" as that term is defined under the FLSA and is thus subject to individual liability pursuant to the FLSA.

**Plaintiff's And Similarly Situated Workers' Claims**

20. Defendants were legally required to pay Ms. Avina and her similarly situated co-workers ("similarly situated workers") a minimum wage for all hours worked during any workweek.

21. Defendants were legally required to pay Ms. Avina and her similarly situated co-workers ("similarly situated workers") overtime pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

22. Defendants did not pay Ms. Avina or her similarly situated co-workers ("similarly situated workers") a minimum wage as required by the FLSA for all hours worked during the workweek.

23. Ms. Avina and her similarly situated workers frequently worked over 40 hours, especially in weeks where there were networking meetings after hours or on weekends.

24. Defendants did not pay Ms. Avina or her similarly situated workers any overtime pay for any of the overtime hours that they worked for Defendants

25. Defendants intentionally refused to pay Ms. Avina and her similarly situated co-workers a minimum wage and/or overtime. In addition to wrongfully taking money and benefits from its employees, Defendants intentional and knowing actions allowed Defendants to gain an unfair advantage over its competition in the marketplace.

26. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff and similarly situated workers. Such practice was and continues to be with regard to the similarly situated workers, a clear violation of the FLSA.

## Causes of Action

## Violation of the FLSA – Failure to Pay Minimum Wage

27. Defendants violated the FLSA by failing to pay Ms. Avina and similarly situated workers the minimum wage for all hours worked in a workweek.

28. Ms. Avina and the similarly situated workers have suffered damages as a direct result of Defendants' illegal actions.

29. Defendants are liable to Ms. Avina and all similarly situated workers for unpaid compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

30. Ms. Gant, individually, is also liable for the damages to Ms. Avina and all similarly situated workers because she is an "employer" of these individuals under the FLSA.

31. Mr. Gant, individually, is also liable for the damages to Ms. Avina and all similarly situated workers because he is an "employer" of these individuals under the FLSA.

## Violation of the FLSA – Failure to Pay Overtime Wages Owed

32. Defendants violated the FLSA by failing to pay Ms. Avina and the similarly situated workers overtime pay for hours worked over 40 per workweek.

33. Ms. Avina and the similarly situated workers have suffered damages as a direct result of Defendants' illegal actions.

34. Defendants are liable to Ms. Avina and all similarly situated workers for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

35. Ms. Gant, individually, is also liable for the damages to Ms. Avina and similarly situated workers because she is an "employer" of these individuals under the FLSA.

36. Mr. Gant, individually, is also liable for the damages to Ms. Avina and similarly situated workers because he is an "employer" of these individuals under the FLSA.

## Similarly Situated Employees

37. Defendants' failure to pay their workers as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the similarly situated workers; that is, not paying non-exempt workers the minimum wage and not paying non-exempt workers overtime on hours worked over 40 in any given workweek. This generally applicable policy is prohibited by the FLSA. Thus, Ms. Avina's experience is similarly situated to the other workers of Defendants who are all carrying out the same duties and subjected to the same illegal misclassification and illegal pay practices.

38. The employees who are similarly situated are properly defined as:

**All individuals who are/were employed by Jet Lending, LLC, Ms. Debbie Gant, and/or Mr. Eddie Gant during the three-year period preceding the filing of this Complaint to perform work of in-house loan officer assistant and paid on a commission plus fee basis.**

### Individual Claims for Ms. Avina:

### Texas State Law: Breach of Contract

39. Ms. Avina incorporates by reference all previous averments of fact into this cause of action.

40. Ms. Avina and Defendants had a contractual relationship based upon the employment relationship.

41. Defendants breached that contract by failing to pay a promised fee of $980.00 per every loan closed on which Ms. Avina worked.

42. Ms. Avina has suffered damages in the form of lost wages, attorney's fees, and expenses, for which she now sues.

### Texas State Law:

### In the Alternative: Quantum Meruit

43. Ms. Avina incorporates by reference all previous averments of fact into this cause of action.

44. Ms. Avina and Defendants had an employment relationship.

45. During the course of this relationship, Ms. Avina worked hours at the direction and sufferance of Defendants.

46. Ms. Avina provided a valuable service by engaging in this work.

47. The services were provided to Defendants.

48. The Defendants accepted the services and had reasonable notice of Ms. Avina'ss expectation that he would be paid.

49. Defendants failed to pay Ms. Avina for the value of her services because Defendants failed to pay the promised $980.00 fee for each loan closed on which Ms. Avina worked.

50. Ms. Avina has suffered damages in the form of lost wages, attorney's fees, and expenses, for which she now sues.

### Texas State Law

### In the Alternative: Unjust Enrichment

51. Ms. Avina incorporates by reference all previous averments of fact into this cause of action.

52. Ms. Avina and Defendants had an employment relationship.

53. During the course of this relationship, Ms. Avina worked hours at the direction and sufferance of Defendants.

54. During the course of this relationship, Ms. Avina conferred a benefit to Defendants in the form of closed loans and her daily work.

55. Defendants imposed a detriment on Ms. Avina by refusing to pay the fee of $980 per loan closed.

56. Defendants accepted the benefit but failed to pay Ms. Avina the fee for each loan closed.

57. Ms. Avina has suffered damages in the form of lost wages, attorney's fees, and expenses, for which she now sues.

### Defendant, Jurisdiction, and Venue

58. Defendant Jet Lending, LLC is a Texas limited liability company and an "employer" as defined by the FLSA. With respect to Ms. Avina and similarly situated workers,

Jet Lending is subject to the provisions of the FLSA. Jet Lending was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s) and had gross annual revenues in excess of $500,000.00. Jet Lending may be served through its registered agent, Debbie Gant, 1419 F.M. 1960 Rd., Houston, Texas 77073.

59. Defendant Debbie Gant is an individual residing in the state of Texas. As a member and control person of Jet Lending, she exerted sufficient control over the employment and compensation of Ms. Avina and similarly situated workers that she is their "employer" under the FLSA. Ms. Gant may be served at 1419 F.M. 1960 Rd., Houston, Texas 77073, or wherever she may be found.

60. Defendant Eddie Gant is an individual residing in the state of Texas. As a member and control person of Jet Lending, he exerted sufficient control over the employment and compensation of Ms. Avina and similarly situated workers that he is their "employer" under the FLSA. Ms. Gant may be served at 1419 F.M. 1960 Rd., Houston, Texas 77073, or wherever he may be found.

61. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Ms. Avina transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

62. This Court has supplemental jurisdiction over the Texas State law claims pursuant to 28 U.S.C.§1367 because these claims are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy and are properly brought before this court.

## Demand for Jury

63.     Ms. Avina demands a trial by jury.

## Prayer for Relief

WHEREFORE, Ms. Chelsea Avina, and all employees similarly situated who join in this action demand:

1.      Issuance of notice as soon as possible to all similarly situated persons performing in-house loan officer assistant work who are/were employed by Jet Lending, LLC, during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2.      Judgment against Defendants for an amount equal to Plaintiff's and the similarly situated worker's unpaid minimum wages at the applicable rate for all hours worked in a workweek;
3.      Judgment against Defendants for an amount equal to Plaintiff's and the similarly situated workers' unpaid overtime wages at the applicable rate;
4.      An equal amount to the minimum wage and overtime damages as liquidated damages;
5.      Judgment against Defendants that their violations of the FLSA were willful;
6.      To the extent that liquidated damages are not awarded, an award of prejudgment interest;
7.      All costs and attorney's fees incurred prosecuting these claims;
8.      Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
9.      Judgment against Defendants for all individual claims of Ms. Avina;
10.     Leave to amend to add claims under applicable state laws; and
11.     For such further relief as the Court deems just and equitable.

> Respectfully Submitted,
> **THE BUENKER LAW FIRM**
>
> */s/ Thomas H. Padgett, Jr.*
> Thomas H. Padgett, Jr.
> TBA No. 15405420
> tpadgett@buenkerlaw.com
> Josef F. Buenker
> TBA No. 03316860
> jbuenker@buenkerlaw.com
> P.O. Box 10099
> Houston, Texas 77206
> 713-868-3388 Telephone
> 713-683-9940 Facsimile
> **ATTORNEY-IN-CHARGE FOR**
> **PLAINTIFF AVINA**